UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COLEMAN #183116,
                    Plaintiff,          Civil Action No: 15-11536
                                        Honorable Paul D. Borman
v.                                      Magistrate Judge Elizabeth A. Stafford

COUNTY OF OAKLAND, *et al.*,
                    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS COMPLAINT [R. 1] *SUA SPONTE* AND DENY AS MOOT PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [R. 1; R. 3].

## I.    INTRODUCTION

Plaintiff James Coleman, a Michigan Department of Corrections prisoner proceeding *pro se*, alleges that he was the victim of a systematic practice by the City of Southfield, Michigan, and the Southfield Police Department, of failing to support arrest warrants with facts that would allow a magistrate to make a finding of probable cause. [R. 1, PgID 1-4]. He requests injunctive relief pursuant to 42 U.S.C. § 1983. [*Id.*, PgID 4, 8-10].

Coleman filed a motion for class certification [R. 3], which was referred to the Court for a report and recommendation. [R. 7]. However, because Coleman's complaint fails to state a claim, the Court **RECOMMENDS** that it be **DISMISSED** *SUA SPONTE*, and the motion for class certification be **DENIED AS MOOT**.

## II.   ANALYSIS

Under to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a

pleading must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." This standard requires the complaint to

contain "sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Making legal conclusions or reciting the

elements of a claim will not satisfy the plausibility standard. *Id.* Although a

court must accept all factual allegations in a complaint as true, it will not

accept legal conclusions as true. *Id.*

The Court has an obligation under 28 U.S.C. §§ 1915(e)(2)(B) and

1915A to dismiss complaints filed by prisoners *sua sponte* when they fail to

state a claim or are frivolous.  *In re Prison Litig. Reform Act*, 105 F.3d 1131,

1134 (6th Cir. 1997).

Upon review of Coleman's complaint, it is clear that he has not

pleaded a plausible claim. Coleman's complaint is full of legal conclusions

disguised as factual allegations. The only factual allegation pleaded in his

complaint is that Coleman "was arrested by Defendants [sic] law

enforcement officers," and that the complaint used to procure his arrest

warrant was "without an affidavit providing facts or circumstances required,

that support probable cause…" [R. 1, PgID 7]. This allegation, even if true,

is insufficient for the Court to infer that there is a systematic practice of

depriving citizens of rights, privileges, and immunities by procuring invalid

arrest warrants by a class of defendants. Coleman's factual allegations do

not speak to a systematic practice of arrests, but to only one arrest – his

own. Thus, Coleman does not state a plausible claim for relief.

## III.    CONCLUSION

For the foregoing reasons, Coleman's complaint should be

**DISMISSED *SUA SPONTE*** pursuant to Sections 1915(e)(2)(B) and 1915A,

and his motion for class certification should be **DENIED AS MOOT**.


s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 12, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.

3

72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager